UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TAMARKQUA GARLAND,

                Plaintiff,

        -against-

THE CITY OF NEW YORK; C.O. COVINGTON;
C.O. PERRONE: CAPTAIN PINES,

                Defendants.

1:22-CV-10947 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Tamarkqua Garland, who is currently incarcerated in the Fishkill Correctional Facility, filed this *pro se* action asserting claims under 42 U.S.C. § 1983 arising from incidents that he alleges occurred on October 3, 2014, May 5, 2015, and on September 24, 2015, while he was held in the George Motchan Detention Center on Rikers Island. He sues the City of New York, Correction Officer Covington, Correction Officer Perrone, and Correction Captain Pines. Plaintiff's amended complaint is the operative pleading for this action.[1] The Court construes Plaintiff's amended complaint as asserting claims under both Section 1983 and state law.

    Plaintiff has paid the fees to bring this action. For the reasons set forth below, the Court dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted, but grants Plaintiff 60 days' leave to replead those claims in a second amended complaint.

---

[1] Plaintiff commenced this action by filing his original complaint while he was incarcerated in the Clinton Correctional Facility.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Because the procedural history of this action is relevant to the Court's disposition of this action, the Court will discuss it here before summarizing the allegations in Plaintiff's amended complaint.

**A.     Procedural history**

On or about May 23, 2022, Plaintiff commenced this action by forwarding his original complaint to officials at the Clinton Correctional Facility, where he was then incarcerated, for its delivery to the United States District Court for the Eastern District of New York. By order dated October 4, 2022, that court transferred Plaintiff's action to this court. *Garland v. Carter*, No. 22-CV-3462 (E.D.N.Y. Oct. 4, 2022). Transfer of Plaintiff's action to this court initiated the opening of the *pro se* action known as *Garland v. Carter*, 1:22-CV-8712 (S.D.N.Y.). After granting Plaintiff *in forma pauperis* ("IFP") status in *Garland*, 1:22-CV-8712, by order dated October 24, 2022, the Court construed Plaintiff's complaint as asserting, in part, claims for *habeas corpus* relief under 28 U.S.C. § 2254, and the Court allowed Plaintiff an opportunity to withdraw such claims. (ECF 1:22-CV-8712, 7, at 4-5.) The Court also allowed Plaintiff an opportunity to submit an amended Section 2254 petition to assert all of his grounds for *habeas corpus* relief and to show why the applicable limitation period should be statutorily or equitably tolled. (*Id.* at 5-6.) The Court further dismissed Plaintiff's claims of unlawful imprisonment, brought under 42 U.S.C. § 1983, under the doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and granted Plaintiff leave to amend his claims regarding the use of force, also

brought under Section 1983, to allege facts showing why he is entitled to relief and why the applicable limitation period should be tolled. (*Id.* at 7-9.)

Following Plaintiff's responses to that order, in another order dated December 27, 2022, among other instructions, the Court directed the Clerk of Court to "(1) treat pages 5 and 6 of" a letter from Plaintiff received by the court on December 6, 2022, "as a civil rights complaint under 42 U.S.C. § 1983 and file it in a new action, naming Correction Officer Covington (Shield #17730), Correction Officer Perrone (Shield #17433), Captain Pines, and the City of New York as defendants." (ECF 1:22-CV-8712, 15, at 2-3.) The Court also directed the Clerk of Court to refile the prisoner authorization that Plaintiff had filed in *Garland*, 1:22-CV-8712, in the new civil action. The present action was opened as a result of that order.

On January 4, 2023, in an order issued in the present action, the Court directed Plaintiff to either pay the fees to bring the present action or complete and submit an IFP application. (ECF 4.) In response, Plaintiff filed an IFP application (ECF 5), but later submitted a letter informing the Court that he was paying the fees and requesting to withdraw his IFP application. (ECF 7.) On January 26, 2023, the Court received Plaintiff's amended complaint, which is the operative pleading for this action. (ECF 8.) Because the amended complaint lacked an original signature, by order dated January 27, 2023, the Court directed Plaintiff to resubmit the signature page of his amended complaint with his original signature. (ECF 9.) On that same date, the court received payment of the fees. On February 9, 2023, the Court received the amended complaint's signature page with Plaintiff's original signature. (ECF 10.)

B.  **Plaintiff's amended complaint**

Plaintiff alleges the following in his amended complaint: On October 3, 2014, while Plaintiff was held in the George Motchan Detention Center ("GMDC") on Rikers Island, and working in the GMDC kitchen, he slipped and fell because of a "greasy kitchen floor." (ECF 8,

4

at 2.) As a result of his fall, Plaintiff suffered "serious injuries to [his] back and left leg," "internal and external injuries," "extensive injuries to [his] hand," and he required a back brace to stand and crutches to walk. (*Id.*)

On May 5, 2015, while Plaintiff was taking a shower in the GMDC shower area, his back was scalded by hot water.

On September 24, 2015, Plaintiff, who was, at that point, still held in the GMDC, was walking with a cane and taking pain medication. On that date, Correction Officer Covington, Correction Officer Perrone, and Correction Captain Pines "took aggressive action [against him] by exercising a savage attack . . . to ambush [him,] which *amplified* [his] intense physical and emotional pain and suffering. . . ." (*Id.* at 1) (emphasis in original). Covington and Perrone, as well as other unidentified correction officers, "[k]icked [Plaintiff] and stomped [on him while] Captain Pines did not intervene[]." (*Id.* at 2.) An unidentified correction officer also placed his or her knee on Plaintiff's neck, causing Plaintiff to nearly lose consciousness. The correction officers also picked Plaintiff up by his leg and threw him into a barred window, kicked his head and body, "[d]angeled [him] in midair . . . upside down," and "slammed [him] [on]to [a] concrete floor." (*Id.*)

As a result of that attack, Plaintiff suffered additional injuries to his head, back, hand, and wrist, and has experienced fainting spells and severe headaches. He also has difficulty breathing, walking, bending, and lifting, has suffered emotional pain, and is traumatized. Because of his injuries, Plaintiff's arm has been immobilized in a sling for years, and he requires wrist, hand, and finger surgery. Plaintiff seeks damages for the injuries he sustained as a result of all of the abovementioned alleged incidents.

## DISCUSSION

A.     **Claims of negligence under 42 U.S.C. § 1983**

To the extent that Plaintiff asserts claims of negligence under 42 U.S.C. § 1983, arising from the alleged October 3, 2014, fall and the alleged May 5, 2015, shower scalding, the Court must dismiss those claims. The negligence of correction officials is not a viable basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

A commonplace slip and fall or scalding may be actionable in a tort claim for negligence under state law, but without allegations showing a correction official's "deliberate indifference to the consequences of his conduct for those under his control and dependent upon him," *Morales v. N.Y.S. Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988), such an event is not ordinarily the basis for a claim of a federal constitutional violation under Section 1983, *see Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.") (footnote omitted); *Fredricks v. City of New York*, No. 12-CV-3734, 2014 WL 3875181, at *4 (S.D.N.Y. July 23, 2014) ("A prisoner's bare complaint about a slippery floor, without more, does not state an arguable claim of deliberate indifference."); *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 216-17 (S.D.N.Y. 1999) (discussion in the context of a claim under Section 1983 arising from the scalding of a child); *see generally Seymore v. Dep't of Corr. Servs.*, No. 11-CV-2254, 2014 WL 641428, at *4 (S.D.N.Y. Feb. 18, 2014) ("The allegations [of potholes in the GMDC shower area] are insufficient to allege plausibly that any individual defendant acted with a sufficiently culpable state of mind because the plaintiff has, at most, alleged that various defendants were negligent in failing to correct conditions, not that any defendant obdurately and wantonly refused to remedy a specific risk to the plaintiff.").

Plaintiff does not allege any facts as to the October 3, 2014, fall, or as to the May 5, 2015, shower scalding, showing that any correction official was deliberately indifferent to a risk of serious harm to Plaintiff.[2] Thus, while Plaintiff's allegations as to those incidents may suffice to state claims of negligence under state law, they do not state a federal claim under Section 1983. The Court therefore dismisses Plaintiff's claims under Section 1983 that arise from those incidents for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

**B.     The City of New York**

Plaintiff also has failed to state a claim under Section 1983 against the City of New York. When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the

---

[2] To state an Eighth Amendment claim or a Fourteenth Amendment due process claim under Section 1983, arising from a convicted prisoner's or pretrial detainee's conditions of confinement, the plaintiff must allege facts showing "that [his or her] conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health, which includes the risk of serious damage to physical and mental soundness." *Darnell*, 849 F.3d at 30 (internal quotation marks and citations omitted). The plaintiff must also allege facts showing a correction official's deliberate indifference to such conditions. *See id.* at 32. A convicted prisoner must show deliberate indifference by alleging that the "the official [was] both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must [have] also draw[n] the inference." *Id.* (internal quotation marks and citation omitted). A pretrial detainee, however, can show deliberate indifference by alleging that the official acted "intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the . . . official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

Plaintiff does not indicate the nature of his custody while he was held in the GMDC on October 4, 2014, or on May 5, 2015. Under either deliberate-indifference test discussed above, however, he has not alleged facts sufficient to show that correction officials were deliberately indifferent to any serious risk to his health or safety that the conditions of his confinement posed on those dates.

7

plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). Thus, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff identifies a series of specific and discrete events in his amended complaint, and does not include anything to suggest that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against the City of New York for failure to state a claim on which relief may be granted. *See* § 1915A(b)(1).

**C.     Statute of limitations**

The Court understands the amended complaint as asserting, in addition to Plaintiff's claims under Section 1983 arising from Plaintiff's October 4, 2014, fall, and the May 5, 2015, shower scalding, claims of excessive force under Section 1983 against Correction Officers Covington and Perrone, and claims of failure to intervene under Section 1983 against Correction Captain Pines, arising from an incident that allegedly occurred on September 24, 2015. The Court must, however, dismiss all of these claims as untimely.

In New York, there is a three-year limitation period for claims brought under Section 1983. *Owens v. Okure*, 488 U.S. 235 (1989). Generally, a claim under Section 1983 accrues

8

"'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)). "A claim for excessive force [under Section 1983] accrues when the excessive force was used." *Sher v. City of New York*, No. 21-CV-1339, 2022 WL 1294395, at *3 (S.D.N.Y. Apr. 29, 2022) (citing *Murphy v. Lynn*, 53 F.3d 547, 548 n.1 (2d Cir. 1995)). In addition, a claim for failure to intervene under Section 1983 that is associated with an official's use of excessive force accrues on the date of the excessive force. *See Roundtree v. City of New York*, No. 1:15-CV-6582, 2018 WL 443751, at *3 (S.D.N.Y. Jan 16, 2018); *see also Werkheiser v. Cnty. of Broome*, No. 3:22-CV-0073, 2023 WL 1927696, at *11 (N.D.N.Y. Feb. 9, 2023) ("The statute of limitations for a claim based on failure to intervene accrues when the failure to intervene occurs."). A claim under Section 1983 arising from an incarcerated person's conditions of confinement accrues on the date when the person is made aware of the conditions of confinement.[3] *See McDaniel v. City of New York*, 585 F. Supp. 3d 503, 515 (S.D.N.Y. 2022), *report & recommendation adopted*, No. 19-CV-11265, 2022 WL 874769 (S.D.N.Y. Mar. 24, 2022).

Because the failure to file an action within the limitation period is an affirmative defense, Fed. R. Civ. P. 8(c)(1), a plaintiff is generally not required to plead that the action is timely filed. *see Abbas*, 480 F.3d at 640. *Sua sponte* dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011).

---

[3] A claim under Section 1983 against a municipality, such as the City of New York, however, "does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should be clear, that the harmful act is the consequence of a [municipal] policy or custom." *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995).

9

Even if Plaintiff had alleged facts sufficient to show deliberate indifference by any individual defendant with regard to any conditions-of-confinement claims under Section 1983 arising from the October 4, 2014, fall or the May 5, 2015, shower scalding, it is plain from the face of his amended complaint that those claims accrued, and the applicable limitation periods began to run, on the dates of the alleged events (October 4, 2014, and May 5, 2015). Thus, the applicable limitation periods expired three years later, on or about October 4, 2017, and May 5, 2018, respectively, years before Plaintiff commenced this action on or about May 23, 2022, when he submitted his original complaint to Clinton Correctional Facility officials for its delivery to the Eastern District of New York. (ECF 1:22-CV-8712, 1, at 5); *see Walker v. Jastremski*, 430 F.3d 560, 563-64 (2d Cir. 2005) (prisoner's *pro se* submission deemed filed on the date when it was forwarded to prison officials for its delivery to the court).

The same is true with regard to Plaintiff's claims, under Section 1983, of excessive force against Covington and Perrone, and of failure to intervene against Pines. Those claims accrued, and the applicable three-year limitation periods began to run, on the date of the alleged excessive force and failure to intervene, September 24, 2015, and they expired three years later on or about September 24, 2018, years before Plaintiff commenced this action.

Accordingly, the Court dismisses all of these claims for failure to state a claim on which relief may be granted, as untimely.[4] *See* § 1915A(b)(1).

---

[4] Because Plaintiff alleges no facts as to existence of a policy or custom of the City of New York that caused a violation of his federal constitutional rights, nothing in the complaint indicates when any such claim under Section 1983 against the City of New York accrued. *See Pinaud*, 52 F.3d at 1157.

**D.     Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also Abbas*, 480 F.3d at 640, 642 (*sua sponte* dismissal of *pro se* action for untimeliness prohibited without giving the plaintiff notice and an opportunity to be heard; listing reasons why Section 1983 limitation period would be equitably tolled under New York law).

Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under Section 1983, the Court grants him leave to replead those claims in a second amended complaint. Plaintiff should allege facts sufficient to state conditions-of-confinement claims under Section 1983, claims against the City of New York under Section 1983, and why all of his claims under Section 1983 (including any against Corrections Officers Covington and Perrone for excessive force, and any against Correction Captain Pines for failure to intervene) are timely or why the applicable limitation period(s) should be tolled under state law.

Because Plaintiff's second amended complaint will completely replace, not supplement, his original and amended complaints, any facts or claims that Plaintiff wants to include from the original and/or amended complaints must be repeated in his second amended complaint.

11

E.   **New York Legal Assistance Group (NYLAG)**

Plaintiff may consult the legal clinic opened in this judicial district to assist people who are parties in civil actions and do not have lawyers. The clinic is operated by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or operated by, the court (and, among other things, therefore, cannot accept filings on behalf of the court – such filings must still be filed by a *pro se* party with the court's Pro Se Intake Unit).

To receive limited-scope assistance from the clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic, at 40 Foley Square, LL22, New York, New York 10007. Once the paperwork is received, the clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the clinic to contact the litigant. Copies of the clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Court dismisses Plaintiff's claims under federal law for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915A(b)(1), but grants Plaintiff 60 days' leave to replead those claims in a second amended complaint.

If Plaintiff fails to file a second amended complaint within the time allowed, or fails to show cause to excuse such failure, the Court will enter judgment dismissing this action; the judgment will dismiss Plaintiff's claims under federal law for the reasons stated in this order, *see id.*, and will decline to consider, under the Court's supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      The Court refers Plaintiff to the NYLAG Pro Se Clinic. Copies of the clinic's flyer, retainer, and intake form are attached to this order.

SO ORDERED.

Dated:   April 10, 2023
           New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                      Chief United States District Judge