UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TAMARKQUA GARLAND,

                Plaintiff,

       -against-

THE CITY OF NEW YORK; C.O. COVINGTON;
C.O. PERRONE; CAPTAIN PINES,

                Defendants.

1:22-CV-10947 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    By order dated April 10, 2023, the Court dismissed Plaintiff's claims under federal law, specifically, his claims under 42 U.S.C. § 1983, but granted him 60 days' leave to replead those claims in a second amended complaint.[1] (ECF 11.) On May 24, 2023, the Court received a letter from Plaintiff filed in response to the Court's April 10, 2023, order. (ECF 12.) The Court construes that letter as Plaintiff's second amended complaint in which he names as defendants the same defendants he named in his first amended complaint – the City of New York, Correction Officer Covington, Correction Officer Perrone, and Correction Captain Pines – and in which he asserts claims for damages under Section 1983 and under state law.

    In its April 10, 2023, order, the Court dismissed Plaintiff's claims under Section 1983 under 28 U.S.C. § 1915A(b)(1), for failure to state claim on which relief may be granted. (ECF 11.) Specifically, the Court dismissed Plaintiff's claims of negligence under Section 1983 because negligence is not a viable basis for a claim of a federal constitutional violation.[2] (*Id.* at

---

[1] Plaintiff, who proceeds *pro se*, commenced this action by filing his original complaint while he was incarcerated in the Clinton Correctional Facility. He is now incarcerated in the Fishkill Correctional Facility. Plaintiff has paid the fees to commence this action.

[2] The Court also held that, even if those claims could be construed as Section 1983 conditions-of-confinement claims, Plaintiff did not allege facts sufficient to state such claims as

6-7.) The Court also dismissed Plaintiff's claims under Section 1983 against the City of New York due to his failure to allege any facts that would suggest that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. (*Id.* at 7-8.) The Court further dismissed as untimely Plaintiff's claims under Section 1983 arising from incidents that allegedly occurred on October 4, 2014, and May 5, 2015, and his claims of excessive force and failure to intervene under Section 1983 against Defendants Covington, Perrone, and Pines, arising from an incident that allegedly occurred on September 24, 2015. (*Id.* at 8-10.)

Because the Court understood that it was possible that Plaintiff could allege additional facts to state valid claims under Section 1983, however, the Court granted Plaintiff 60 days' leave to file a second amended complaint to allege such facts. (*Id.* at 11.) The Court specifically directed Plaintiff to:

> allege facts sufficient to state conditions-of-confinement claims under Section 1983, claims against the City of New York under Section 1983, and why all of his claims under Section 1983 (including any against Correction[] Officers Covington and Perrone for excessive force, and any against Correction Captain Pines for failure to intervene) are timely or why the applicable limitation period(s) should be tolled under state law.

(*Id.*)

Plaintiff's second amended complaint does not change the Court's original rulings with regard to Plaintiff's claims under Section 1983. Accordingly, for the reasons discussed in the Court's April 10, 2023, order, the Court dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

---

he did not allege facts that showed that correction officials were deliberately indifferent to any serious risk to his health or safety. (ECF 11, at 7 n.2.)

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims under federal law (his claims under 42 U.S.C. § 1983) for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. 28 U.S.C. § 1367(c)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment for this action.

SO ORDERED.

Dated:   June 22, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge